Chadbourne *v.* Hanscom.

———————————

IVORY CHADBOURNE *versus* JOHN HANSCOM.

When a defendant, in his specifications of defence, denies "the purchasing or having any of the articles mentioned in the plaintiff's account" annexed, but makes no mention of their value, he may show their real value.

In *indebitatus assumpsit*, interest on the principal sum may be a subject of charge as one of the items of the account annexed; and it may be recovered in that form of declaration upon proof of specific demand of payment prior to the commencement of the action.

ON EXCEPTIONS.

ASSUMPSIT.

The defendant requested the presiding Judge to instruct the jury that, there being no count for interest, the plaintiff could recover interest only from the date of the writ.   The Judge declined to give the instruction as requested, but did instruct them that the plaintiff could, in this form of declaration, recover interest from the time he demanded payment of his claim and before the date of the writ, not exceeding the amount charged in the account annexed.

The verdict was for the plaintiff, and the defendant alleged exceptions.   The remaining facts sufficiently appear in the opinion.

*Wells & Eastman,* for the defendant, contended that, in the absence of a contract to pay interest, it is allowed only in the nature of damages for the detention of the amount due. Damages for a wrong committed by the defendant are not subjects of charge, to be recovered in assumpsit on account annexed.

*G. C. Yeaton,* for the plaintiff.

A general denial of the purchase of an article cannot be said to be a specific denial of its value, when proved to have been purchased. Rule of Court IX; *Day* v. *Frye,* 41 Maine, 326; *Hart* v. *Hardiman,* 42 Maine, 196; *Clough* v. *Crossman,* 47 Maine, 349; *Skillings* v. *Norris,* 50 Maine, 72; *Cutler* v. *Currier,* 54 Maine, 89.

On the question of interest, counsel cited *Howe* v. *Bradley,* 10 Maine, 31; *Amee* v. *Wilson,* 22 Maine, 120–1; *Hall* v. *Huckins,* 41 Maine, 574; *Robbins Cordage Co.* v. *Brewer,* 48 Maine, 486; *Barnard* v. *Bartholomew,* 22 Pick. 291; *Pease* v. *Barker,* 3 Caines, 266; 1 Chitty on Pl., 338, 356–8, 396, *et seq.*; Sedgwick on Damages, 575, *et seq.*

BARROWS, J. — The account annexed to the writ in this case embraces the following items : —

| | | |
|---|---|---:|
| 1861, Oct. | 8 days labor, with 4 oxen, $4. | $32,00 |
| | 1 Fall and blocks, | 15,00 |
| | 70 lbs. chain, *a.* 10 cents, | 7,00 |
| | Guys, | 20,00 |
| | 1 stone 8 ft. long, 4½ ft. sq., | 20,00 |
| | | 94,00 |
| | Interest to March 23, 1866, | 22,66 |

There was a second count upon a *quantum meruit,* for goods sold and labor performed.

In his specifications of defence, the defendant denied purchasing or having any of the articles mentioned in the account, saying nothing about the value therein affixed to them; and he admitted that plaintiff had done some work

for him, which he alleged to have been done under a special contract different from that set out in the writ.

At the trial, he offered to prove that the stone which constituted one of the items of the account, was of less value than was alleged in the writ, but the presiding Judge refused to receive the evidence, on the ground that the value of it had not been denied in the specifications.

But the defendant had denied that he purchased the stone at all. This was a denial of the contract in all its parts, and could not be reasonably understood by any one as not including a denial of the alleged price and value. The plaintiff had notice that he must come prepared to prove the contract that he had alleged, in manner and form as he had alleged it.

A contract alleged in a writ is not so divisible that, when the making of any contract whatever, in relation to the subject matter between the parties to the suit is denied, any material element of such contract can be considered as admitted, because it is not separately disaffirmed.

All that is required in specifications of defence, is that the grounds of defence relied on should be intelligibly disclosed. *Clement* v. *Garland*, 53 Maine, 427.

The defendant was clearly at liberty to show anything from which a legitimate inference might be drawn that he made no such contract. It certainly was competent for him to prove that the price affixed was exorbitant and unreasonable and disproportionate to the value, in order to fortify his denial that he made such a purchase.

We see no objection to making interest on the principal sum a subject of charge as one of the items of an account annexed, nor to the recovery of it in that form of declaration, upon proof of the circumstances which would entitle the plaintiff to charge it, — such as a general custom of the trade, or a specific demand of payment at a period anterior to the commencement of the action.

The rulings on this point were correct; but, on account

of the exclusion of evidence, which the defendant had a right to offer under the issue which he presented,

*The exceptions must be sustained.*

APPLETON, C. J., CUTTING, DICKERSON and DANFORTH, JJ., concurred.